**WILLIAMS, an Incompetent, Guardianship, In re.**

Ohio Appeals, Tenth District, Franklin County.

No. 5799. Decided March 18, 1958.

Don Turnbull, Lancaster, for applicant-appellant.
Herbert, Tuttle, Applegate & Britt, Gordon K. Bolon, of Counsel, Columbus, for guardian-appellee.

### OPINION

By PETREE, PJ.

This is an appeal upon questions of law from the judgment of the Probate Court of Franklin County, Ohio.

The two assignments of error are as follows:

1. The Court erred in overruling the application to terminate the guardianship on the ground that the consent given was under a misapprehension and was not real.

2. The Court erred in overruling the application to terminate the guardianship on the ground that the ward is a mentally competent person and has withdrawn his consent to such guardianship.

The entry in the Probate Court in the instant case is as follows:

**"ENTRY**

"This cause coming on to be heard the 22nd. day of August, 1957, on the Application to Terminate filed by the ward, Robert D. Williams, alleging that the guardian was appointed for him on the sole ground that he was aged, infirm and had failing eyesight, and that the ward was persuaded to consent to the appointment on the representation that it was necessary in order to get a divorce, and that on such representation he did sign the consent, and further that the ward has withdrawn his consent, and the Court having considered all the evidence adduced and being fully advised in the premises, finds said application to be not well taken and that the same should be and is hereby overruled.

"It is, therefore, ORDERED, ADJUDGED and DECREED that the motion of the ward to terminate the guardianship of Robert D. Williams, an incompetent, be and the same hereby is, overruled until further order of this Court.

"/s/ Roscoe R. Walcutt

<br>

JUDGE"

A careful reading of the briefs, along with an examination of the pertinent testimony in the Probate Court, shows sufficient grounds to sustain the judgment of the Probate Court.

When one has voluntarily consented to the appointment of a guardian under the statutes providing for such appointment and the court has acted upon the matter and made the appointment, the ward cannot terminate the guardianship by merely withdrawing his consent.

His constitutional rights are protected by §2111.47 R. C., wherein provision is made for the court to determine in a proper hearing whether the necessity for the guardianship continues to exist. The ward cannot take away the jurisdiction of the court to make such determination. However, the judgment of the court is subject to review on appeal.

The evidence supports the finding of the court in overruling the application by the ward to terminate on both the question of legality or reality of consent and the request by the ward that he be permitted to withdraw his consent.

We further find that the necessity for the continuance of the guardianship is amply shown by the record in this case. The facts in **In re Luft, 91 Oh Ap 409** are so far different from the ones appearing in the instant case that the Luft case cannot be considered an authority in this case.

Finding both assignments of error not well taken, the judgment of the Probate Court will be sustained.

Judgment sustained.

BRYANT and MILLER, JJ, concur.